## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW MEXICO

## PACER Cover Sheet
## for Electronically Filed Documents

Any data shown here are current as of  06/10/06        . Any element of information on this form, except the received date, is subject to change as changes may be made to the Court's official docket.

**Case Title:**     John A. Pacheco and Cindy S. Pacheco

**Case Number:**     05-16147

| Document Information |
| --- |

**Description:**     Brief/Memorandum By [8-1] Motion To Avoid Lien with H. Davidson & Associates, Inc. by Cindy S. Pacheco, John A. Pacheco .

Received on:     2006-05-23 14:53:36.000

**Date Filed:**     2006-05-23 00:00:00.000

**Date Entered On Docket:**     2006-05-23 00:00:00.000

| Filer Information |
| --- |

**Submitted By:**     Patti Hennessy

**If this form is attached to the document identified above, it serves as an endorsed copy of the document as it existed on the above date.  To confirm that nothing has changed since then, review the docket.**

In re:   JOHN A. PACHECO and                    No. 7-05-16147 MA
         CINDY S. PACHECO,

         Debtors.

## MEMORANDUM

THIS MATTER is before the Court on the Debtors' Motion to Avoid Lien.  The Motion to Avoid Lien seeks to avoid a transcript of judgment recorded by H. Davidson & Associates, Inc. ("Davidson") as a judicial lien that impairs the Debtors' homestead exemption in accordance with 11 U.S.C. § 522(f).  Davidson responded to the Motion to Avoid Lien, and the Court held a final hearing on the Motion to Avoid Lien on May 3, 2006, after which the Court took the matter under advisement.

At issue is whether 11 U.S.C. § 522(f) permits a debtor to avoid a judicial lien recorded prior to the time the debtor acquires an interest in the real property in which the debtor seeks to claim a homestead exemption.   Davidson urges the Court to follow the Supreme Court's reasoning in *Farrey v. Sanderfoot,* 500 U.S. 291, 111 S.Ct. 1825, 114 L.Ed.2d 337 (1991), which focused on the meaning of "the fixing of a lien" in 11 U.S.C. § 522(f) and found that whether a debtor can avoid a judicial lien depends upon whether the debtor possesses an interest in the property before the lien attached such that if attachment of the lien occurs simultaneously with the debtor's acquisition of the property, 11 U.S.C. § 522(f) does not allow the debtor to avoid the lien.  After careful review of the applicable case law, the Court finds that *Farrey v. Sanderfoot* is distinguishable on its facts, and declines to follow *Marine Midland Bank v. Scarpino (In re Scarpino),* 113 F.3d 338 (2nd Cir. 1997) and *In re Pederson,* 230 B.R. 158 (9th Cir. BAP 1999),

1

two cases which applied the reasoning in *Farrey* to facts identical to the facts in this case.   The

Court, therefore, finds that Debtors can avoid Davidson's transcript of judgment under 11 U.S.C.

§ 522(f).      For purposes of determining the issue before the Court, the parties have stipulated to

the following:

1.  Davidson obtained a judgment against the Debtors and recorded a transcript of

judgment in Bernalillo County on November 8, 1993.

2.  The transcript of judgment constitutes a judicial lien.

3.  At the time Davidson recorded its transcript of judgment the Debtors did not own the

real property located at 2424 Morris NE ("Property").

4.  Debtors acquired the Property in 1999.

5.  The Property is the Debtors' residence.

6.  Debtors filed a voluntary petition under Chapter 7 of the Bankruptcy Code on July 30,

2005.

7.  Debtors claim an exemption in the Property under 11 U.S.C. § 522(d)(1)[1] in the

amount of $16,050.00.

8.  As of the petition date, the Property was worth $123,000.00.

9.  Two mortgages encumber the Property.

10.  The mortgages are consensual liens.

---

[1]That section provides:
> The following property may be exempted under subsection (b)(1) of this section:
> (1) The debtor's aggregate interest, not to exceed $18,450 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence, or in a burial plot for the debtor or a dependent of the debtor.

11 U.S.C. § 522(d)(1).

2

11. The total indebtedness represented by the two consensual liens is $104,950.00

11. The amount of Davidson's judicial lien is approximately $45,153.00.

## DISCUSSION

Avoidance of judicial liens is governed by 11 U.S.C. § 522(f) which provides, in relevant part, that:

> the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is ---
>     (A) a judicial lien . . .

11 U.S.C. § 522(f)(1).

In *Farrey v. Sanderfoot,* the Supreme Court considered whether 11 U.S.C. § 522(f) permitted a debtor to avoid the fixing of a lien on the debtor's homestead property, where the lien and the debtor's homestead interest were created pursuant to a divorce decree.  In concluding that 11 U.S.C. § 522(f) could not be used to avoid the lien, the Supreme Court focused on the temporal nature of the language "fixing of a lien." It reasoned:

> The statute does not say that the debtor may undo a lien on an interest in property. Rather, the statute expressly states that the debtor may avoid "the fixing" of a lien on the debtor's interest in property.  The gerund "fixing" refers to a temporal event.  That event– the fastening of a liability – presupposes an object onto which the liability can fasten.  The statute defines this pre-existing object as "an interest of the debtor in property."  Therefore, unless the debtor had the property interest to which the lien attached at some point *before* the lien attached to that interest, he or she cannot avoid the fixing of the lien under the terms of § 522(f)(1).

*Farrey v. Sanderfoot,* 500 U.S. at 296, 111 S.Ct. at 1829.

The Supreme Court then applied state law to determine when the lien attached, and concluded that because the lien attached simultaneously with the debtor's acquisition of the property, the debtor did not possess an interest before the lien "fixed" so that 11 U.S.C. § 522(f) could not be

3

used to avoid the lien.  500 U.S. at 299-300.

Since *Farrey* was decided, at least one court has applied its reasoning to cases involving facts similar to the facts presented here. *See Marine Midland Bank v. Scarpino (In re Scarpino),* 113 F.3d 338 (2nd Cir. 1997).  In *Scarpino,* the creditor obtained a judgment against the debtor and "docketed" it in the county clerk's office.  Four years later the debtor acquired a parcel of real property; and one year thereafter, the debtor filed a petition under Chapter 7 of the bankruptcy code, claimed a homestead exemption in the property, and filed a motion to avoid the creditor's judicial lien under 11 U.S.C. § 522(f).  The Bankruptcy Court avoided the lien, and the District Court affirmed the decision of the Bankruptcy Court.  The Second Circuit reversed, applying the reasoning of *Farrey* and holding that under applicable New York law, a judgment lien attaches to a debtor's after acquired property at the moment the debtor acquires an interest in the property.  *Scarpino,* 113 F.3d at 341. Because the lien attached simultaneously with the debtor's acquisition of the property, the lien could not be avoided under 11 U.S.C. § 522(f).  *Id.* at 342.

Similarly, in *In re Pederson,* 230 B.R. 158, 163 (9th Cir BAP 1999), the Ninth Circuit Bankruptcy Appellate Panel rejected the Bankruptcy Court's attempt to distinguish *Farrey* and construe applicable California law to mean that a previously recorded judgment lien attaches to subsequently acquired real property not at the precise moment the property is acquired, but at the very next moment, such that "'the sequence of events is so rapid that no other event may intervene.'"  *Pederson,* 230 B.R. at 163 (quoting *In re Pederson,* 215 B.R. 768, 771

(Bankr.N.D.Cal. 1997), *rev'd,* 230 B.R. 158 (9th Cir. BAP 1999)).[2]    The Ninth Circuit thus

---

[2]It appears that the Ninth Circuit Bankruptcy Appellate Panel felt constrained to follow *Farrey,* given the Supreme Court's directive in *Owen v. Owen,* 500 U.S. 305, 314, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991). *Pederson,* 230 B.R. at 163 (noting that "[t]he bankruptcy court's reading of *Owen* . . . disregards the scope of the Supreme Court's remand.").

In *Owen v. Owen,* the debtor's former spouse obtained a judgment against the debtor and recorded it in Sarasota County, Florida at a time when the debtor did not own any real property in Sarasota County.   The debtor later acquired a condominium in Sarasota County, Florida at a time when applicable Florida law did not provide a homestead exemption in such property. Florida later amended its homestead exemption statute to provide that condominiums qualify as homesteads.  The debtor then filed for bankruptcy and claimed a homestead exemption under Florida law in the condominium property.   Because Florida law provided that the homestead exemption does not apply to pre-existing liens that attach before the property acquires its homestead status, the Bankruptcy Court and the Eleventh Circuit held that 11 U.S.C. § 522(f) could not be used to avoid the lien "finding that the lien attached before the property qualified for the exemption."  *Owen v. Owen,* 500 U.S. at 307-308, 111 S.Ct. at 1835.

In reversing the Eleventh Circuit, the Supreme Court found that the language in 11 U.S.C. § 522(f) directing that impairment is to be measured against the exemption that the debtor "would have been entitled" should be applied with regard to both federal and state exemptions, such that "Florida's exclusion of certain liens from the scope of its homestead protection does not achieve a similar exclusion from the Bankruptcy Code's lien avoidance provision."  500 U.S. at 313-314, 111 S.Ct. at 1838.   However, the Supreme Court remanded the case for a consideration of whether there was, in fact, a "fixing of a lien on the interest of the debtor," given that "[u]nder Florida law, the lien may have attached simultaneously with the acquisition of the property interest . . . . so [that] it could be argued that the lien did not fix 'on an interest of the debtor.'" *Id.* at 314, 111 S.Ct. at 1838.   On remand, the Eleventh Circuit, in a *per curiam* opinion affirmed the judgment of the District Court and held that the debtor could not avoid the lien under 11 U.S.C. § 522(f) because under Florida law, the lien fixed simultaneously with the debtor's acquisition of the property such that there was no "fixing of a lien" as interpreted by the Supreme Court in *Farrey.  Owen v. Owen (In re Owen),* 961 F.2d 170, 172 (11th Cir. 1992)(*per curiam*).

Like *Farrey, Owen* involved former spouses, and while the Eleventh Circuit found on remand that because the prior lien attached simultaneously to the debtors' after acquired property the debtor could not use 11 U.S.C. § 522(f) to avoid the lien, the Eleventh Circuit construed applicable Florida law, and this Court is not bound by the decisions of the Eleventh Circuit. *Cf. In re Hoover,* 301 B.R. 38, 51 (Bankr.S.D.Iowa 2003) (Iowa bankruptcy court within the Eighth Circuit not bound by decisions of the Fourth Circuit). *See also, In re Cooper,* 202 B.R. 319, 325 (Bankr.M.D.Fla. 1995), *aff'd,* 197 B.R. 698 (M.D.Fla. 1996) (Noting that the opinions of the Supreme Court and the Eleventh Circuit in *Owen* "must be read together, each for the specific issues resolved" and stating that the Supreme Court in *Owen* specifically assumed that the lien fixed on the debtor's interest, while the Eleventh Circuit on remand determined that the lien never fixed.)   Therefore, the Court respectfully declines to follow the Eleventh Circuit's

applied the reasoning in *Farrey* to a case involving a judicial lien that was recorded prior to the time the debtor acquired property, and found that under California law, the lien attached simultaneously with the debtor's acquisition of the property so that 11 U.S.C. § 522(f) could not be used to avoid the prior-recorded judicial lien. *Pederson,* 230 B.R. at 163.

       *Farrey* and cases following the reasoning of *Farrey* construe applicable state law to determine whether prior recorded judgment liens attach simultaneously with the judgment debtor's acquisition of the property. New Mexico law regarding transcripts of judgments provides that "[t]he judgment shall be a lien on the real estate of the judgment debtor from the date of the filing of the transcript of judgment in the office of the county clerk of the county in which the real estate is situate." N.M.S.A. 1978 § 39-1-6 (Repl. Pamp. 1991). The language of the statute does not explicitly state that a transcript of judgment recorded prior to the time that the debtor acquires an interest in real property attaches simultaneously with the debtor's acquisition of the property. Nor has the Court located any New Mexico cases interpreting this statute in this manner. To the contrary, when the property is a homestead, New Mexico exemption law provides that a judicial lien never attaches to the debtor's homestead interest. N.M.S.A. 1978 § 42-10-9 (Cum. Supp. 2005) ("Such person has a homestead . . . exempt from attachment . . ."); *Ranchers State Bank of Belen v. Vega,* 99 N.M. 42, 44, 653 P.2d 873, 875 (1982) ("[L]ien attached to the [debtors'] entire interest in the real property except their homestead which remained free of the lien."). But the Court need not construe New Mexico law regarding transcripts of judgments to determine whether prior recorded judgment liens attach simultaneously with the debtor's subsequent acquisition of property because the Court finds that

decision in *Owen* in this case.

6

*Farrey* is distinguishable on its facts.

       *Farrey* concerned a property interest and a lien to a former spouse which were created simultaneously by the divorce decree.  In other words, the debtor's interest in the property was created subject to the lien.  *Pederson,* 230 B.R. at 162 (9th Cir. BAP 1999) (quoting 2 Epstein, Nickles, White, *Bankruptcy,* § 8-27 (1992)).   Therefore, it is appropriate to construe the Supreme Court's holding in *Farrey* to mean that "§ 522(f)(1) may not be used to avoid a judgment lien that is created as part and parcel of the creation of the interest that it encumbers." *In re Pederson,* 215 B.R. 768, 771 (Bankr.N.D.Cal. 1997), *rev'd,* 230 B.R. 158 (9th Cir. BAP 1999).   As noted in Collier on Bankruptcy,

> [t]he more appropriate analysis is that the time of the fixing of the lien on the debtor's interest in the property is not relevant.  The reference to fixing simply refers to the fact that the lien must attach to the debtor's interest in the property rather than to the interest of the third party.  If a debtor purchases property from a third party and that property was encumbered by a judicial lien in favor of a creditor of the vendor . . . the debtor could not avoid that judicial lien under section 522(f)(1) because that judicial lien did not affix to the debtor's interest in the property . . . . the debtor purchased the property subject to that lien.

> 4 Collier on Bankruptcy ¶ 522.11[4], 522-89 (Alan N. Resnick and Henry J. Sommer, eds., 15th ed. rev. 2006).

       The Court declines to follow cases which apply the reasoning in *Farrey* beyond the parameters of a lien which is created in conjunction with, or as a direct result of the debtor's acquisition of the property.  The simultaneous nature of the fixing of the lien in *Farrey* was the direct result of the divorce decree which created both the lien and the debtor's property interest. It is therefore, appropriate, within the context of divorce proceedings which attempt to divide property equally between the spouses and grant one spouse a lien against property the other spouse receives or retains in order to achieve that balance, to prevent a debtor from using 11

7

U.S.C. § 522(f)(1) to avoid such a lien.[3]  *See In re Kestella,* 269 B.R. 188, 192 (Bankr.S.D.Ohio

2001) (citing *Farrey,* and noting that Congress amended the lien avoidance provisions in 1994

by adding 11 U.S.C. § 522(f)(1)(A)(i) "to specifically address liens that arise as [a] part of

divorce and dissolution proceedings."); 11 U.S.C. § 522(f)(1)(A)(i) (excepting the operation of §

522(f)(1) from liens which secure a debt "to a spouse, former spouse . . . of the debtor . . . in

connection with a separation agreement, divorce decree . . . ").  But where, as here, the

simultaneous nature of the fixing of the lien is simply the result of the fact that the debtor owned

no property at the time the creditor recorded its judgment lien, the Court finds that the debtor

should be allowed to claim a homestead exemption in such property and employ 11 U.S.C. §

522(f) to avoid the judicial lien.

  Having found that the prior recording of the transcript of judgment and the subsequent

acquisition of the property by the debtor does not render 11 U.S.C. § 522(f) inapplicable, the

Court must next determine the extent to which the judgment lien impairs the Debtor's

---

[3]*See, e.g., Cowan v. Cowan (In re Scott),* 12 B.R. 613, 615-616 (Bankr.W.D.Okla. 1981)
(holding that were spouse's lien was created by the same document that conveyed homestead
interest to debtor, lien did not fix on debtor's interest, and debtor could not use § 522(f) to avoid
the lien).  *See also, Finch v. Finch (In re Finch),* 130 B.R. 753, 757 (S.D.Tex. 1991)(finding that
because the former spouse's equitable lien was imposed on the debtor-spouse's
contemporaneously acquired fee simple interest, the lien could not be avoided under § 522(f);
*Catli v. Catli (In re Catli)*, 999 F.2d 1405, 1408 (9th Cir.1993)(finding that the interest the
debtor acquired in the home subject to a lien granted in favor of former spouse as a result of the
divorce decree "was not an interest that existed prior to the decree" so that § 522(f) did not
apply). *But Cf. McVay v. Parrish (In re Parrish),* 7 F.3d 76 (5th Cir. 1993)(*per
curiam*)(concluding that because the equitable lien granted as part of the divorce proceedings
was imposed on property which was at all times the debtor's separate property, the lien was
subject to avoidance under § 522(f)); *In re Stoneking,* 225 B.R. 690, 694-695 (9th Cir. BAP 1998)
(distinguishing *Farrey,* and concluding that debtor could avoid former spouse's judicial lien
because the lien attached to debtor's community property interests which debtor held before the
lien affixed).

exemption.  Impairment is defined in 11 U.S.C. § 522(f)(2), which provides:

> For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of --
>
>> (I)   the lien;
>> (ii)  all other liens on the property; and
>> (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
>
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.

11 U.S.C. § 522(f)(2).

 "[T]he petition date is the operative date to make all § 522(f) determinations," so that the value of the liens, the value of the property and the amount of the exemption are all measured as of the date of the filing of the petition.  *In re Salanoa,* 263 B.R. 120, 123 (Bankr.S.D.Ca. 2001).  *See also, In re Hall,* 327 B.R. 424, 427 (Bankr.W.D.Mo. 2005) ("[T]he appropriate time for determining the value of the property subject to a lien which the Debtors seek to avoid under § 522(f) is the date on which the petition was filed.") (citations omitted).   Application of the formula contained in 11 U.S.C. § 522(f)(2) using the stipulated values yields the following:

$ 45,153.00   Davidson lien
$104,950.00   total consensual liens
$ 18,050.00[4]   federal exemption available under 11 U.S.C. § 522(d)(1)

---

[4]Debtors claimed an exemption under 11 U.S.C. § 522(d)(1) in the amount of $16,050.00, which was the total amount of the Debtors' equity in excess of the consensual liens based on the Debtors' estimated value of $121,000.00 for the Property as of the petition date as listed in Debtors' Schedule A. (*See* Schedule C).  Debtors and Davidson have stipulated for purposes of determining the Motion to Avoid Lien that the value of the Property is $123,000.00.  Because the exemption amount available under 11 U.S.C. § 522(d)(1) is up to $18,450.00 for each of the Debtors, and because 11 U.S.C. § 522(f) requires the Court to consider hypothetically the exemption "to which the debtor would have been entitled" the Court finds that the Debtors would have been entitled to exempt all of the equity in their Property, but for the lien.  *See Owen v. Owen,* 500 U.S. at 310-311, 111 S.Ct. at 1836-1837 ("To determine the application of § 522(f)

9

total: $168,153.00 which is greater than the stipulated value of $123,000.00 by 45,153.00, the total amount of the Davidson lien

The Court, therefore, finds that Davidson's judicial lien impairs the Debtors' exemption and can be avoided in its entirety. This Memorandum constitutes the Court's findings of fact and conclusions of law issued in accordance with Rule 7052, Fed.R.Bankr.P. An order will be entered in accordance with this Memorandum.

_____
MARK B. McFEELEY
United States Bankruptcy Judge

---

they [bankruptcy courts] ask not whether the lien impairs an exemption to which the debtor is in fact entitled, but whether it impairs an exemption to which he *would have been* entitled but for the lien itself.") (emphasis in original); *In re Truan,* 121 B.R. 9, 10 (Bankr.S.D.Tex. 1990) (finding that the federal homestead exemption provided in 11 U.S.C. § 522(d)(1) can be claimed by each debtor in a joint proceeding, provided they each hold an interest in the property, for a combined amount of up to twice the amount provided by the statute).

The Court also notes that Debtors' Schedule C allocates a portion of the remainder of the exemption available under 11 U.S.C. § 522(d)(1) to the "wild card" exemption available under 11 U.S.C. § 522(d)(5), which provides for an exemption in the amount of $975.00 plus up to $9,250.00 of any unused portion of the exemption provided under 11 U.S.C. § 522(d)(1), in order to claim exemptions in property other than the Debtors' homestead. The entirety of the exemptions claimed on Schedule C by the Debtors under 11 U.S.C. § 522(d)(5) (using a portion of the remainder from 11 U.S.C. § 521(d)(1)) is less than the amounts available to them. In other words, based on Debtors' schedules there is an excess of exemption amounts available to them by statute that Debtors have not claimed. Therefore, by increasing the Debtors' homestead exemption for purposes of determining the exemption to which they "would have been entitled" does not adversely affect the Debtors' other claimed exemptions.

10

I certify that on the date shown on the attached document verification, a true and correct copy of the foregoing was either electronically transmitted, faxed, delivered or mailed to the listed counsel and/or parties.

Arun Melwani                          Walter R. Reardon
Attorney for Debtor                   Attorney for Davidson & Associates, Inc.
10749 Prospect Ave NE Ste E           3733 Eubank Blvd. NE
Albuquerque,  NM  87112 -3281         Albuquerque, NM 87111-3536

_____
Patti G. Hennessy
Law Clerk
(505) 348-2545

11